Chief Justice Robertson,
delivered the -opinion of the court.
This is a writ of error to reverse a judgment against McJilton, as collector of the county levy for Clay county, and also against one of his sureties, rendered in favor of tiie commonwealth for Bahqp *593 íínd Bates, as agents of the county court of said county, in an action of debt on the collectors bond, in which several sureties were bound with the collector.
Jtdion cannot be maintained in the “ame of tlie health! f^ the use’ of a 'paunty cred-j?” *ho county
in the f ’ e remoc y‘
** gainst all of !he obligors the county0 .^o render" judgment asainst some -of them with■out disposing ,of the caso u3 tot!ie otJieSS:
Owsley, for plaintiffs.
The judgment t cannot be sustained.
Ist. AstherewasnoIcgalprivitybetweenthereMorsin iheirown right, and the commonwealth, they could not, if they had even been creditors of the county, maintain •an action of debt. The act of .assembly, II Digest, 853, gives to creditors a motion i'n the name <&f the commonWealth. Without that act, creditors could not, as relators, have maintained any suit on the bond; therefore, their only remedy is a motion. Commonwealth vs. Fugate, I Monroe, 1.
If the suit be considered ns brought for the 'benefit of the county, the agents of the county court, cannot ’ he relators.
Wherefore, it is not necessary now, to decide wheíher there is such a privity between the county and commohwealth, in such a case as this, as would enable the county or its court, to sue as relator on the bond, as a common,law obligation. ‘
2nd. The suit was brought against all the obligors; and it was therefore, erroneous to render judgment againstsome of them, without disposing of tíie case as ■to the others.
Wherefore, the judgment is reversed, and the cause remanded, wi th instructions to sustain the demurrer to -She declaration*